Our last case this morning is 4-18-0605-0606, People v. Corey Watkins, for the appellants, Mr. Costello, and for the appellees, Mr. Manchin. As you can see, counsel, there are just two of us here, and what I want to explain to you is what's going on. Our third panelist, our colleague Justice DeArmond, had a death in the family, and has to attend a funeral now, and was here earlier for the two oral arguments, but had to leave for this one. However, I want to assure you that he will be a participant in this case, he will be listening to the recording of the oral arguments, and he will be one of the people with whom the three of us will be discussing to come up with an ultimate resolution. So, on behalf of the Court, I apologize for the fact of this inconvenience. It's not something which we normally do, but these things happen, and we will handle it in a way that I hope will be most appropriate for the parties in this particular case. So, without further ado, then, Mr. Costello, you may proceed. If you may, please, Your Honor. Counsel. If you'd like to clear up some confusion engendered on my part, probably. There's only one appeal. Inadvertently, some circuit clerk put the 16 felony case on his notice of post-conviction. I discovered that sort of bull, I filed a notice to him for that. He never appealed that. The only appeal was on the 17th case felony, which he covered himself in his post-conviction. Thank you for that clarification. Thank you, Your Honor. The post-conviction, I know the Court's heard the facts. He's contending, he's making six arguments of constitutional violations, ineffective assistance to counsel, involving an narcotics dog, the stop. Stop was clearly prolonged. Gave the defendant bad advice. Failure to attack, I mean, failure of the police officer to let him go right away. He had a driver's license. And he stopped the car. Based on suspicion of hence, and too long a stop. He claims that counsel did not, for example, go through and adversarially test the prosecution case. He let the stop go unanswered. He let the, he never filed a motion to suspend supported evidence. He never advised the defendant that he could. His contention, counsel's contention was it would have been frivolous to file that the police officer had complied with the law. There was no cause to stop him. There was no cause to proceed further with the search. I believe the cannabis was stopped in the process. In any event, the defendant is told by counsel, this is contained in his petition to vacate his sentence, which was denied because it was filed late. But it's in the document that he was told by counsel that he would receive 85% 15-year sentence on the 6th, on the 16th CF case. And he would receive 15 years on the 17th CF case to run consecutively at 85%. To make sure that one knows, he pled guilty to the 16th CF case at the same time as pleading guilty to the 17th case. These were his contentions. Judge Griffin of Decatur held a hearing and summarily dismissed the post-conviction proceedings. This law apparently states that you must show a gist of constitutional violation at the time you file your post-conviction petition. If you have a gist of constitutional violation, it must proceed to the second stage when the state is allowed to answer and the court, based upon argument I'm presuming, deems that it is necessary to have an evidentiary hearing, which is the third stage. I looked up gist in the legal dictionary. Specifically, it says it's a ground of the legal action. It's the main point of the argument. That's really the answer to the gist of constitutional violations. The court held that his defendant claims were not supported by affidavit for prolonged detention. He did sign the post-conviction petition. That ticket is considered under an affidavit. All his argument here is based on the record, no evidence that he did have a case of constitutional violation. Judge Griffin said, hey, this is frivolous and patently without merit. I believe that the record shows that he does raise some constitutional issues. And are they frivolous? The fact that he got wrong advice from counsel. So you get him the fact that what? I'm sorry. You said wrong advice from counsel? Yes. Go ahead. That's a constitutional issue. It's a constitutional issue not to adversarially test the case of the prosecution, if necessary. And we have a stop here. We never tested that. Although the police officer said it crossed the line. I don't want to get into the facts specifically. But those were his constitutional violations. And specifically, he has alleged on page 13, I believe, his contentions. He contends that his trial counsel violated his rights. Counsel of the United States. He failed to prepare various trial motions. He meets the test of ineffective assistance of counsel. He was prejudiced by this. And the issue not is whether he would have prevailed. The issue here is at the stage of the proceedings, did he have a right to proceed? And the defendant's suggestion, Your Honors, is that he did have the right to proceed. He claims that although he was advised in court at the time of his plea, about 30 days of vacating his plea, he filed it late. And he claims in his petition that counsel never helped him or told him he had to file within 30 days. But he was advised that he had to file his petition. This is the time of the post-conviction. And we suggest that his allegations warrant an evidentiary hearing, or at least a state has to file something meaningful to contest his allegations, rather than just a summary. And his issues in this post-conviction, these are facts, which I'm bound by. Ineffective assistance, better narcotics, defective. The offensive dog was brought without any reasonable suspicion. There was no probable cause of evidence for committing a crime. Established clearly. And what kind of threshold requirement is there to have the drug dog come to a traffic stop? He can come. The officer, within reason, with probable cause, can't bring the dog. So you need probable cause to call to have a drug dog come to a traffic stop? I think that's in floss, but generally speaking, no, Your Honor. We can determine that the dog should come. Okay, go ahead. But we would argue that he should have come. It was too late and the dog shouldn't have come. And there's some issues about his drug abuse. For all these reasons, the defendant claimed he was benign due process. He raised constitutional issues. Whether he would prevail or not is not the issue. But he was entitled to move to the second stage. If there's any questions, I have none. I see none. Thank you, Mr. McCastello. You have a chance to address us again in rebuttal if you wish. Mr. Manson? May it please the court, counsel. In this case, the defendant filed two separate motions. One motion to withdraw his guilty plea, eight months late. And one motion for post-conviction relief. The allegations in the two petitions and the two motions were completely different. The motion to withdraw the plea and the claim of wrongly advising about sentencing could not be considered by the trial court and cannot be considered by this court. The defendant's late motion to withdraw the plea simply is a non-event. It has to be filed within 30 days or the trial court and this court lack jurisdiction to consider it. And the Supreme Court has clearly said that if the defendant's motion is untimely, the appellate court should not consider any of the defendant's allegations. So the defendant's claims regarding inadequate advice or wrong advice are simply not before this court. With respect to the allegations of the petitioned motion for post-conviction relief, the standard is not that the defendant just has to mention a possible constitutional issue. At the first stage, the trial court has the ability to determine that the defendant's claim is frivolous and non-meritorious on its face. And that is clearly shown and the trial court's finding is correct. The trial court's determination is reviewed to no avail by this court, but there is no conclusion that could be reached but that the defendant's claims of error in his post-conviction petition and only in his post-conviction petition were purposely frivolous and without merit. The defendant's petition laid out a number of grounds for allegations of deficiency on the part of his attorney. But his petition said nothing about prejudice. There is no claim in the post-conviction petition that he would have pleaded not guilty but for counsel's mistakes. You have to establish proof, deficiency, and prejudice. The defendant's motion does not even allege the prejudice. Putting that aside, the defendant's whole claim is that the use of the dog, that his attorney was incompetent for not challenging the search of the dog. The use of the dog, you don't need any reason. The use of the dog for a car is not a search. You don't need probable cause. You do not need reason to suspicion. If I have a drug-sniffing dog, I can walk out in that parking lot and go around every single car there, and as far as the fourth amendment goes, that's a non-defense. Why I would want to do that is beside the point, but it doesn't matter for the fourth amendment. The fact that the dog was called doesn't mean anything as far as grounds for suppression. The documentation presented by the defendant with his motions showed that the dog was called, the dog arrived, and the dog arrived and alerted before the stopping officer had written the tape. So the claim that the stop was too prolonged because of the dog is simply re-computed by the reports and by the records the defendant provides. So the trial court was correct in its determination that the defendant's claims were frivolous and non-merits. Is there any other questions? Seeing none, thank you, counsel. Mr. Cassell, are there any rebuttals, sir? No, there is no rebuttal. Thank you very much. We'll take this amendment under advisement. The recess is until tomorrow morning.